907 P.2d 116

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jason M. MORGEN, Defendant–Appellant.**

No. 21927.

Court of Appeals of Idaho.

Dec. 6, 1995.

Knowlton, Miles & Merica, Lewiston, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Jason M. Morgen appeals from his judgment of conviction and sentence for possession of a controlled substance. I.C. § 37–2732(c)(1). Morgen asserts that the district court erred by ordering his trial to proceed after Morgen failed to timely appear on the second day of trial. Morgen also challenges his sentence as excessive. We affirm.

Morgen was charged with one count of possession of a controlled substance—methamphetamine. He waived his right to a preliminary hearing and was released on bond pending trial. The trial began on November 28, 1994, with Morgen present. After the jury was selected and empaneled, the state presented its case. The state called four witnesses, including officer Goldring. While Morgen was present to assist in his own

defense, the witnesses were subjected to extensive cross-examination by Morgen's counsel. At approximately 4:00 p.m., the state indicated that it had no further witnesses. The district court announced that the trial would reconvene at 8:30 a.m. the following day and excused the jury and the parties for the evening recess.

At 8:30 a.m. the next morning, Morgen did not appear for trial. While the jury waited in the jury room the district court gave defense counsel a recess to attempt to locate Morgen. After a brief recess, defense counsel informed the district court that he was unable to reach Morgen using the phone numbers that Morgen had provided. The district court then stated that it would adjourn until 9:00 a.m. to allow counsel more time to establish Morgen's whereabouts or to allow Morgen to voluntarily appear. The district court informed counsel that if Morgen could not be located and did not appear, that it intended to proceed with the trial in his absence.

The district court recalled the matter for trial at 9:05 a.m. Upon further discussion with defense counsel that Morgen had not appeared and had not been located, the district court announced that the trial would proceed in Morgen's absence, over counsel's objection. The district court stated that it was satisfied that Morgen knew what his responsibilities were, had not notified the court of any difficulties and that there was no indication that his absence was anything except a voluntary absence.

When the jury was returned to the courtroom, the district court instructed the jurors that they were not to draw any inferences from Morgen's absence and that they were "not to use his absence in any way in your deliberations." The prosecutor immediately rested the state's case without presenting any further evidence.

Counsel for Morgen recalled officer Goldring to the stand. After asking fewer than ten questions, counsel indicated he had no further witnesses and the defense rested. Both counsel presented closing argument, the district court instructed the jury and the jury retired to begin deliberations. Because Morgen still had not appeared, the district court issued a bench warrant and an order to show cause.

Morgen appeared soon thereafter and the bench warrant was not served. Early into their deliberations, the jury sent out a note that they had a question. The jury was brought back into the courtroom and in the presence of both counsel and Morgen, the district court discussed the question with the jury. After the jury had returned to their deliberations, the district court stated that the order to show cause hearing for Morgen's nonappearance would be set for 1:15 p.m.

At 10:40 a.m. the jury returned with a verdict of guilty. The jury was excused and sentencing was set. At the order to show cause proceeding held later that same day, Morgen indicated that he had overslept, had not called the courthouse but had appeared voluntarily at approximately 9:45 a.m. Based upon his explanation, the district court withheld finding Morgen in contempt.

 Morgen asserts that the district court erred in proceeding with the second day of trial in his absence. The right to be personally present at one's trial for a felony or other serious crime is protected under the Sixth and Fourteenth Amendments of the United States Constitution, and Article I, Section 13 of the Idaho Constitution. *State v. Carver*, 94 Idaho 677, 496 P.2d 676 (1972).

 As set forth by this Court in *State v. Elliott*, 126 Idaho 323, 882 P.2d 978 (Ct.App. 1994):

The question presented, therefore, is whether Elliott was voluntarily absent and thereby waived his right to be present on the second day of trial. Because the waiver of a constitutional right is at issue, we conduct an independent review on appeal based upon the totality of the circumstances. *State v. Buzo*, 121 Idaho 324, 327, 824 P.2d 899, 901 (Ct.App.1991); *State v. Wuthrich*, 112 Idaho 360, 364, 732 P.2d 329, 329 (Ct.App.1986); *State v. Blevins*, 108 Idaho 239, 243, 697 P.2d 1253, 1257 (Ct.App.1985).

*Id.*, at 326, 882 P.2d at 981.

As noted above, Morgen was present for the first day of trial. However, Morgen

failed to appear when the court reconvened on the morning of the second day of trial. This Court recently addressed this issue, albeit under different circumstances, in *Elliott.* We recognized that a defendant may waive his or her right under both the federal and state constitutions to be present at trial:

> [I.C.R. 43] essentially codifies the constitutional principle enunciated in *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), that a defendant may waive the right to be present by voluntarily absenting himself during the trial. *Crosby v. United States,* 506 U.S. 255, 258–60, 113 S.Ct. 748, 751, 122 L.Ed.2d 25, 31 (1993). Underlying this rule is the premise that a defendant who is at large should not "be at liberty, whenever he please[s], to withdraw himself from the courts of his country and to break up a trial already commenced." *Diaz,* 223 U.S. at 457, 32 S.Ct. at 254.

*Id.,* at 325–26, 882 P.2d at 980–81.

In *Elliott* this Court, relying on *State v. Thomson,* 123 Wash.2d 877, 872 P.2d 1097 (1994), held that when a defendant, who was present for the beginning of his trial, later is absent, before reconvening the trial, the trial court need only:

> (1) make sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) make a preliminary finding of voluntariness, when justified, and (3) afford the defendant an adequate opportunity to explain the absence when the defendant is returned to custody and before sentence is imposed.

*Elliott,* 126 Idaho at 328, 882 P.2d at 983. We further explained:

> The procedure ... amply protects the defendant's rights by assuring that the trial court will examine the circumstances of the defendant's absence before determining whether the absence is voluntary, and by providing the defendant an opportunity to explain his or her absence before judgment of conviction is formally entered. It allows the court to discontinue the trial if the voluntariness of the defendant's absence

appears doubtful in light of all the circumstances.

*Id.,* at 328, 882 P.2d at 983.

The district court in this case complied with the *Elliott* standard. The district court made sufficient inquiry into the circumstances of Morgen's absence to justify a finding as to whether his absence was voluntary.

This opinion should not be interpreted, however, as establishing a rule that a half-hour recess is sufficient as a matter of law, regardless of the circumstances, to investigate the reason for a defendant's non-appearance and to give the defendant an opportunity to contact the court if he or she has been unavoidably delayed. In circumstances, for example, where the defendant resides in a rural area many miles from the courthouse, or when severe weather might reasonably be suspected to have played a part in the defendant's non-appearance, a wait of only one-half hour, with no investigative effort except phone calls to the defendant's home, might not be deemed as sufficient inquiry to protect the defendant's important constitutional right to be present at trial. In the present case, however, where the trial court apparently knew Morgen resided in the same city where the courthouse was located and had a telephone with which Morgen could have called the court, and where defense counsel suggested no further investigative effort such as an opportunity for counsel or the sheriff to try to locate him at home or at work, we find the trial court's inquiry to be sufficient. We find no error in the district court's proceeding with the second day of trial under the totality of the circumstances in this case.

■ Morgen next contends that the district court abused its discretion by not placing him on probation and by sentencing him to a unified four-year term, with a minimum period of confinement of one year. Our review of the record shows that this issue on appeal is not only without merit, but frivolous.

In his appellate brief filed on June 15, 1995, counsel for Morgen fails to acknowledge that Morgen was provided the opportunity for participation in the retained jurisdiction program at the North Idaho Correction-

al Institution. On June 21, 1995, Morgen appeared with counsel before the district court for further review of his sentence. Morgen's sentence was suspended and he was, in fact, granted probation. The order of the district court was augmented into the appellate record by the state upon the filing of the state's responding brief. Morgen did not file a reply brief and did not notify this Court by letter, pleading or any record filed below that this issue was moot or being withdrawn from consideration. Upon review of the record presented, Morgen's claim that the district court abused its discretion by failing to grant him probation will not be addressed further.

Accordingly, the judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.