953 P.2d 626

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stephen Lee MILLER, Defendant–Appellant.**

**No. 23441.**

Court of Appeals of Idaho.

Feb. 19, 1998.

Alan E. Trimming, Ada County Public Defender, D.C. Carr, Deputy Public Defender, Boise, for defendant-appellant.

Alan G. Lance, Attorney General, Margaret R. Hughes, Deputy Attorney General, Boise, for plaintiff-respondent.

LANSING, Chief Judge.

In this appeal, Stephen Lee Miller contends that his conviction for burglary should be set aside because his constitutional right to be present at trial was violated when the district court continued with the trial despite Miller's failure to appear on time on the second trial day. Miller also contends that the sentence he received is unreasonable.

### FACTS AND PROCEDURAL BACKGROUND

Miller was charged with burglary, Idaho Code Section 18–1401, after he was discovered removing copper tubing and wiring from a vacant movie theater in Boise. The case was scheduled for a two-day jury trial. On the first day of trial, Miller arrived late after reportedly having car trouble on his way to the courthouse. However, he was present for the impaneling of the jury. The trial recessed at about 5 p.m. on the first day, and the trial judge informed Miller that the trial would resume at 9 a.m. the following day. Nevertheless, Miller did not appear the next morning. The district court questioned Miller's defense attorney regarding his absence. The attorney stated that he had received a page from Miller indicating that Miller did not know what time he was supposed to be in court. Based on this information and knowing that Miller had been specifically advised to be there at 9 a.m., the district court decided to proceed with the trial in Miller's absence. The trial resumed at about 10:15 a.m. Miller arrived at approximately 1 p.m. and was given an opportunity by the district court to explain his tardiness. He indicated that he had been having trouble with his car for more than a week and that it had broken down again that morning, causing him to be late. The trial then continued, and Miller was found guilty. He was sentenced to a

two-year determinate term of incarceration. On appeal, Miller argues: (1) that the district court should have found that his absence during trial was involuntary and that he is therefore entitled to a new trial; and (2) that the district court abused its discretion by imposing an excessive sentence.

## A. Miller's Absence During Trial

■ Miller contends that the trial court's decision to proceed with the trial in his absence was a violation of his constitutional right to be present during the trial. Because a constitutional right is at issue, we conduct an independent review on appeal based upon the totality of the circumstances. *State v. Elliott,* 126 Idaho 323, 325, 882 P.2d 978, 980 (Ct.App.1994); *State v. Buzo,* 121 Idaho 324, 327, 824 P.2d 899, 902 (Ct.App.1991); *State v. Blevins,* 108 Idaho 239, 243, 697 P.2d 1253, 1257 (Ct.App.1985).

■ The right of an accused to be present at trial is grounded in the Due Process Clauses of the Fifth and Fourteenth Amendments and the Confrontation Clause of the Sixth Amendment to the United States Constitution. *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985); *Elliott,* 126 Idaho at 325, 882 P.2d at 980. This right is also conferred by Article I, Section 13 of the Idaho Constitution. *Elliott, supra.* The United States Supreme Court has held, however, that a defendant who was present at the outset of the trial may waive the right to be present thereafter by absconding or by otherwise voluntarily absenting himself during the trial. *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). The Court explained: "It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced." *Id.* at 454, 32 S.Ct. at 253.

In Idaho courts, the consequence of a criminal defendant's absence after the trial has begun is also governed by Idaho Criminal Rule 43(b), which provides in pertinent part:

(b) Continued presence not required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived defendant's right to be present whenever a defendant, initially present:

(1) Is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)

. . . .

In determining whether a defendant's absence constitutes a waiver of the right to be present under this rule, the trial court must:

(1) make sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) make a preliminary finding of voluntariness, when justified, and (3) afford the defendant an adequate opportunity to explain the absence when the defendant is returned to custody and before sentence is imposed.

*Elliott,* 126 Idaho at 328, 882 P.2d at 983, citing *State v. Thomson,* 123 Wash.2d 877, 872 P.2d 1097, 1100 (Wash.1994).

■ In this case, Miller has not challenged the adequacy of the district court's inquiry into the reason for his absence before the court resumed the trial on the second day. Rather, he contends that the district court erred in failing to make a finding that Miller's absence was involuntary after Miller reappeared and explained the reason for his tardiness. For two reasons, we find Miller's position to be without merit. First, this issue has been waived by Miller because, after Miller's reappearance at the trial, his attorney specifically chose not to move for a mistrial based upon Miller's absence. Defense counsel mused aloud that he felt obligated to make a motion for a mistrial but did not believe that a mistrial would be in the best interest of his client. The trial court then pressed defense counsel to decide whether he would seek a mistrial. The attorney responded as follows:

It's my analysis at this point that I could not find any overt prejudice to Mr. Miller's case in his not being present as regards testimony and as regards cross-examina-

tion. Given the alternatives presently before us, I would not make a Rule 43—make a motion for a mistrial on the basis of the court's decision on a Rule 43; however, I do appreciate the opportunity to make the record as to the reasons why.

Miller's assertion on appeal that his absence should have been deemed involuntary is in substance an argument that he should receive a new trial. However, that remedy was expressly waived when he chose not to request a mistrial before the district court. He cannot now on appeal posit error upon the district court's failure to grant that which Miller expressly forewent in the district court proceeding.

 Second, even if the issue were not waived, the record here does not establish that Miller's absence was involuntary. After Miller appeared in the afternoon and explained his delay, the court was in possession of the following information. The court knew that Miller had paged his attorney sometime around 8:30 a.m. and left a message that Miller was unsure when he was due in court. However, when Miller arrived some four hours late, he did not reassert confusion about the time for his appearance but, instead, said that his delay was caused by automobile transmission problems. The same mechanical troubles had caused him to be late on the first day of trial, and he stated that he had been having trouble with the car's transmission for more than a week. These excuses for Miller's tardiness do not demonstrate that he was involuntarily absent from court. If Miller's car had previously broken down on several occasions due to a faulty transmission and had caused Miller to be late on the first day of trial, Miller could and should have arranged for some other means of transportation to the courthouse. Relying upon an automobile that was known to be untrustworthy to transport him from his home in Nampa to the trial in Boise was a calculated risk on Miller's part and was not the type of involuntary event that would justify his absence from trial. Likewise, Miller's alleged confusion about the time for resumption of the trial on the second day is inexcusable. Under these circumstances, we cannot conclude that Miller's failure to appear on time was involuntary for purposes of constitutional analysis.

**B. Miller's Sentence**

 Next, Miller contends that the two-year fixed sentence imposed by the district court was overly harsh. Where a sentence is within the statutory limits, it will not be reversed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). The maximum term of confinement for burglary is ten years, I.C. § 18–1403. The sentence in this case falls far short of this maximum term. Consequently, it will be disturbed only if a clear abuse of discretion on the part of the sentencing court has been affirmatively shown by the appellant. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). "A sentence of confinement is reasonable if it appears at the time of sentencing that the confinement is necessary 'to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.'" *State v. Hernandez*, 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991) quoting *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

 In this case there can be no question that the sentence imposed by the district court was reasonable. The record supports the district court's observation at sentencing that "Miller's [criminal] record is bordering on appalling." According to the presentence report, Miller's criminal history included six prior felonies and twenty-eight misdemeanors. These crimes included kidnapping, burglary, robbery and theft. As a consequence of his past offenses he had experienced eleven previous probations, seventeen jail incarcerations, and three penal incarcerations. At the time of his sentencing he had two other criminal charges pending against him. Miller has not demonstrated that the sentence

imposed by the district court was unreasonable.

The judgment of conviction and the sentence are affirmed.

PERRY, J., and SWANSTROM, J. Pro Tem., concur.