# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47713

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DAVID ALEXANDER KROPP,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: June 3, 2021

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction for three counts of burglary, <u>affirmed</u>.

Nevin, Benjamin, & McKay, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

David Alexander Kropp appeals from his judgment of conviction for three counts of burglary. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following multiple storage unit thefts, Kropp was charged with three counts of burglary, I.C. § 18-1401, and being a persistent violator, I.C. § 19-2514. Prior to trial, Kropp filed a notice of alibi, which indicated a witness would testify that she was with Kropp during the time of the alleged thefts and that Kropp "was never at the storage units."

Kropp attended the first day of trial, but was not present at the beginning of the second day. Kropp's counsel moved to continue the trial after informing the district court that the vehicle transporting Kropp had become stuck in the snow after going off the road to avoid a deer and that

1

it would be a few hours before a tow truck could arrive. After a short recess and obtaining additional information regarding Kropp's situation, the district court found that Kropp's absence was voluntary and denied the motion to continue. Kropp's counsel then noted that the alibi witness (the owner of the vehicle transporting Kropp) was also unable to appear and asked the district court to reconsider its decision. The district court denied the motion for reconsideration and the trial proceeded in Kropp's absence.[1]

Later that afternoon, Kropp's counsel relayed that he had received text messages from Kropp indicating that he would soon appear at trial. However, after a brief recess, Kropp still had not appeared. Kropp's counsel moved for a mistrial. The district court again found that Kropp's absence was voluntary and denied the motion. Ultimately, the jury found Kropp guilty of all three counts of burglary and found that he is a persistent violator of the law. At the end of trial, Kropp still had not appeared. As a result, the district court issued a bench warrant for Kropp's arrest.

Sometime in the following year, Kropp was apprehended in Washington. Kropp moved for a new trial based on his absence and the absence of his alibi witness from the second day of trial through its conclusion. The district court denied his motion. Kropp appeals.

## II.

## STANDARD OF REVIEW

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). However, when the requested continuance is based on the defendant's absence, and the waiver of a constitutional right is at issue, the appellate court conducts an independent review based upon the totality of the circumstances. *State v. Miller*, 131 Idaho 186, 188, 953 P.2d 626, 628 (Ct. App. 1998).

---

[1] For convenience, we treat Kropp's motion to continue and motion for reconsideration as a single motion to continue unless otherwise indicated.

2

## III.

## ANALYSIS

Kropp asserts the district court erred in denying his motion to continue because he was involuntarily absent from trial and because his alibi witness was also not present for trial. The State responds that the district court did not err in denying the motion to continue given Kropp's flight, which occurred when Kropp's alibi witness was with him. Because the legal standards governing a motion to continue differ according to whether the basis is the absence of a defendant or a witness, we address each absence separately. For the reasons set forth below, we affirm.

## A.     Defendant's Absence

Kropp asserts that, based on the evidence known at the time his motion to continue was denied, the district court erred in finding that his absence was voluntary. Kropp also asserts that this error was structural (necessitating reversal without a showing of prejudice) and that, if not, the error was not harmless. The State responds that we should review the district court's decision based on the entire record, which the State asserts shows Kropp's absence was voluntary. The State also contends that, even if review is limited to the record established at the time the district court denied the motion to continue, the district court correctly found that Kropp's absence was voluntary. The State further contends that, if there was error, structural error does not apply and the error was harmless. We hold that Kropp has failed to show reversible error in the district court's denial of his motion to continue.

The right to be present at trial is secured by both the United States Constitution and the Idaho Constitution. *See* U.S. CONST. amends. V, VI, XIV; IDAHO CONST. art. I, § 13; *United States v. Gagnon*, 470 U.S. 522, 526 (1985); *Miller*, 131 Idaho at 188, 953 P.2d at 628. Like other constitutional rights, the right to be present can be waived. A defendant, after having been present at the trial's inception, can waive this constitutional right through a later, voluntary absence. *Diaz v. United States*, 223 U.S. 442, 455 (1912); *Miller*, 131 Idaho at 188, 953 P.2d at 628. Similarly, our criminal rules require the defendant's presence at "every stage of trial," I.C.R. 43(a)(3), unless the defendant "who was initially present at trial . . . waives the right to be present" by becoming "voluntarily absent after the trial has begun," I.C.R. 43(c)(1)(A). Thus, under both the Constitution and the applicable criminal rule, the common inquiry is whether the defendant's absence was voluntary.

3

This Court has adopted a three-step process for a trial court to follow when a defendant becomes absent after trial begins. Specifically, a trial court must: (1) make sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary; (2) make a preliminary finding of voluntariness, when justified; and (3) afford the defendant an adequate opportunity to explain the absence when the defendant is returned to custody and before sentence is imposed.[2] *State v. Elliott*, 126 Idaho 323, 328, 882 P.2d 978, 983 (Ct. App. 1994), *overruled on other grounds as recognized by Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 752, 764, 250 P.3d 803, 815 (Ct. App. 2011). With respect to the first step, the district court did inquire into the reasons for Kropp's absence. At that time, defense counsel explained:

> I received some texts from my client with photographs of his car stuck in the snow, swerved to miss a deer, waiting on tow truck. And then I've called the police and tow truck company. Towing company is on another call and it will be a few hours.[3] My client has instructed me to ask for a continuance.

After receiving a response from the prosecutor who objected to a continuance, the district court inquired about when counsel received the text messages. Counsel responded, "Today at 8:52 a.m.," which was eight minutes prior to the time the second day of trial was set to convene.[4] The court and defense counsel then engaged in the following exchange:

> THE COURT: All right. Did your client say where he was?

---

[2]    The third step in *Elliott* was adopted in 1994 when I.C.R. 43 did not allow defendants to be sentenced in absentia. *See* I.C.R. 43(b) (1994) ("The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived defendant's right to be present whenever a defendant, initially present: (1) is voluntarily absent after the trial has commenced . . . ."). In 2017, I.C.R. 43 was amended to allow "the proceeding [to] continue to completion, including the verdict's return *and sentencing*, during the defendant's absence." I.C.R. 43(c)(2) (2017) (emphasis added). Thus, under the current version of I.C.R. 43, a defendant may not have the opportunity to explain his or her absence prior to sentencing if the absence continues through sentencing. We need not address whether the amendment to I.C.R. 43 should modify the three-step process from *Elliott* in this case because Kropp had the opportunity to explain his absence prior to sentencing.

[3]    Although not expressly stated, the syntax used in counsel's explanation to the district court suggests that the information provided was from reading Kropp's text messages.

[4]    At the conclusion of the first day of trial, the court advised the parties, in Kropp's presence: "We will convene again tomorrow at 9:00 o'clock."

4

[DEFENSE COUNSEL]: No, not specifically. I do know that he's been staying in St. Maries.

THE COURT: All right. Well, let's do this. I'm not inclined to grant a continuance of the trial. We've got a jury already impaneled, but I do want to give [defense counsel] an opportunity to try to communicate with his client to find out some more details. This is winter in North Idaho. There are deer in North Idaho. Things do happen.

But when we have a jury impaneled and witnesses all lined up and ready to go, I'm not inclined to grant a continuance of the trial, but I am inclined to give [defense counsel's] client a chance to talk to his lawyer about more details if he can get some. So it's now ten after 9:00. We'll reconvene here in about 20 minutes to give you a chance to find out what you can from your client about whether he's going to make it or not.

It is a defendant's obligation when they're out on bond to appear for all court appearances. And while this may be some unusual circumstances, we'll decide what we're going to do at 9:30.

Following the recess, defense counsel advised that he had spoken with Kropp who explained the vehicle was "somewhere between Chatcolet and Plummer in what was described as the Conklin Flats. It is relatively speaking, very far off the road." Defense counsel further stated: "The police said that they'd get there when they could and the tow truck driver said at least two hours, probably three, but . . . don't worry about it till 4:00." The State reasserted its objection to a continuance, noting a lack of information regarding Kropp's efforts to obtain alternative transportation and the late notice regarding his inability to appear in court on time. The State also offered I.C.R. 43 and *Elliott* in support of its position that Kropp was voluntarily absent and, as such, a continuance was not warranted. In response, defense counsel noted he had seen Kropp and the alibi witness "in the same vehicle that's in the photograph that they sent" and defense counsel did not know whether Kropp had "any other vehicle besides that one." As to the timing of Kropp's notice, defense counsel represented that he did not know when Kropp "actually slid off the road," or "how much time he spent trying to dig out, trying to get back on the road," but that 8:52 a.m. was the time Kropp sent the photograph.

In denying the motion to continue, the district court concluded Kropp was voluntarily absent. In reaching this conclusion, the district court recited the facts provided by defense counsel and stated:

We don't know how long [Kropp] has been stuck with this vehicle. We don't know how long [Kropp] will be stuck. All we have is an estimate that [Kropp]

5

has apparently been in contact with law enforcement, and all we have is an estimate that a tow truck driver may be showing up at some point.

The Court notes, based on what [defense counsel] has represented, that [Kropp] is somewhere between St. Maries and Plummer, Idaho. The Court also notes that there is public transportation from Plummer, Idaho, to Coeur d'Alene. The Court notes that [Kropp] posted bond to get out of jail, and what we have here, other than a request that -- for a tow truck, is any other information indicating any other efforts that [Kropp] is making or has made or is going to make to be here at the trial.

We have a full jury impaneled, we have witnesses who are waiting to testify, and we have a defendant who has been unable to appear at court. The fact that he chose to travel to St. Maries or reside in St. Maries was his choice, a choice that he made voluntarily. The fact that he has chosen to commute from St. Maries is his choice. It is his obligation to appear at court and that has not been satisfied here.

The district court also expressed concern that, despite asking when the trial could proceed with Kropp present, no information had been provided in that regard. The district court elaborated on that point, noting the lack of any information that Kropp would be present "at a time certain." Finally, the district court addressed the difficulties of rescheduling to a later date, particularly given that several witnesses had already testified. Based on the foregoing, we conclude that the district court complied with the first step of the process articulated in *Elliott*.

The second step in the process described by *Elliott* required the district court to make a preliminary finding of voluntariness. As to that step, Kropp argues "there was not sufficient evidence to even make the preliminary determination required under *Elliott* that the absence was voluntary." In support of this argument, Kropp notes that the only evidence available to the district court at the time of the preliminary finding was that Kropp's absence was not voluntary due to unexpected difficulties with transportation. While such difficulties may support a finding that an absence is involuntary, they are not dispositive. *See Miller*, 131 Idaho at 189, 953 P.2d at 629 (concluding that reliance "upon an automobile that was known to be untrustworthy to transport him from his home in Nampa to the trial in Boise was a calculated risk on [the defendant's] part and was not the type of involuntary event that would justify his absence from trial"). As noted, the district court justified its preliminary finding based on other information, including Kropp's decision to live and commute some distance to court and his failure to identify a time certain when he would appear. As to Kropp's living arrangements, we agree that such a factor is not relevant to whether his absence was voluntary. While the choice of residence may be voluntary, it has little

6

to do with a defendant's decision to attend trial. *See State v. Morgen*, 127 Idaho 798, 800, 907 P.2d 116, 118 (Ct. App. 1995) (noting importance of sufficient inquiry into absence in circumstances "where the defendant resides in a rural area many miles from the courthouse, or when severe weather might reasonably be suspected to have played a part in the defendant's non-appearance"). On the other hand, Kropp's initial ambiguous responses to the district court's efforts to ascertain when he would appear were proper considerations. Ultimately, we need not reach a conclusion regarding the adequacy of the district court's preliminary finding regarding voluntariness in light of Kropp's later failure to appear when he said he would and his subsequent absconding.

The third step of the *Elliott* process allows the district court to consider additional information after its preliminary finding that the defendant's absence from trial was voluntary. More importantly, this Court on review may also consider such information in deciding whether Kropp is entitled to relief. *See Elliott*, 126 Idaho at 326, 882 P.2d at 981 (noting that, on the issue of voluntariness, the appellate court conducts an independent review on appeal based upon the totality of the circumstances). That information includes that Kropp ultimately failed to appear at trial, despite sending text messages to his counsel at 1:07 p.m. and 1:15 p.m., stating that he was "[e]ight miles from Coeur d'Alene" and "[a]lmost there." In addition, after he was eventually apprehended and returned to custody, Kropp offered no justification for his failure to appear at trial. Instead, Kropp "apologize[d] . . . for not making it" and admitted it was "wrong of [him]." Similarly, Kropp's counsel later remarked that he was "not going to . . . hid[e] from the fact that [Kropp] did leave in the middle of his trial." Consequently, Kropp's absence had become voluntary by at least 1:27 p.m., which is when the district court again found that Kropp's absence was voluntary following his continued failure to appear.[5]

Notwithstanding the district court's renewed finding of voluntariness after Kropp's failure to appear in the afternoon, Kropp asserts that his later failure to appear was excusable based on the "possibility that trial counsel informed him that the trial had not been delayed and [Kropp] decided

_____

[5]      Kropp also asserts the district court erred by not applying a presumption against waiver of a constitutional right. We need not address Kropp's argument because, as noted above, we conduct an independent review of the record. To the extent a presumption against waiver applies to our independent review, we conclude that such a presumption has been overcome.

to not attend the afternoon session because of the [district] court's error." This argument is both unpreserved and contrary to law. The argument is unpreserved because Kropp did not present it to the district court. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (holding that appellate court review is limited to the evidence, theories, and arguments that were presented below). The argument is contrary to law because, as we stated in *Elliott*, "[i]t is not for a criminal defendant to unilaterally determine whether the conduct of his or her trial is fair and, concluding that it is not, to implement self-help measures by absconding." *Elliott*, 126 Idaho at 327, 882 P.2d at 982.

We conclude that, based on the entirety of the record, Kropp has failed to show the district court erred in denying his motion to continue based on his absence from trial. Accordingly, we need not reach the merits of Kropp's arguments relative to structural or harmless error.

## B. Alibi Witness's Absence

Kropp asserts the district court abused its discretion in denying his motion to continue to the extent the motion was premised on his alibi witness's absence. Specifically, Kropp argues that the district court violated his right to compulsory process under the Sixth Amendment to the United States Constitution. Kropp further asserts that a harmless error analysis does not apply to this type of violation and, even if it does, the error was not harmless. The State responds that Kropp did not assert this constitutional violation before the district court; has not argued or shown fundamental error; and, in any event, has failed to show a violation of the right to compulsory process. The State further notes that a different legal standard also applies (the one governing a motion to continue premised on a defense witness's absence) and asserts Kropp failed to meet this standard.

We first address whether Kropp preserved his constitutional challenge. A claimed violation of a defendant's right to compulsory process can constitute part of a defendant's motion to continue. *See, e.g.*, *State v. Waggoner*, 124 Idaho 716, 722, 864 P.2d 162, 168 (Ct. App. 1993). However, the defendant must specifically raise the constitutional challenge before the trial court--a motion to continue because of an absent witness, by itself, is not sufficient to raise this constitutional challenge. *Id.* (noting claimed violation of compulsory process was "raised for the first time on appeal" even though defendant moved for a continuance because of witness's absence). Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

8

While arguing his motion for reconsideration, Kropp's counsel noted that the alibi witness was "unable to make it" and stated, "I would have to brush up, but I believe that that creates certain rights for [Kropp] to be able to present his defense." This vague assertion of "certain rights," without more, was not specific enough to raise the constitutional issue Kropp now asserts on appeal. Moreover, Kropp has not presented any argument under the fundamental error standard. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Consequently, we do not consider Kropp's argument that his right to compulsory process was violated.[6]

## IV.

## CONCLUSION

Because Kropp's absence was voluntary, the district court did not err in denying his motion to continue trial to the extent it was premised on his absence. To the extent the motion to continue was premised on the absence of the alibi witness, Kropp failed to preserve his constitutional challenge. Consequently, we affirm Kropp's judgment of conviction.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

---

[6] We also note that Kropp has not presented any argument under the framework articulated in *Waggoner* regarding the denial of a motion to continue based on the absence of a witness. Under that standard, the defendant must: (1) give the witness's name; (2) describe the witness's expected testimony; (3) disavow any procurement of or consent to the witness's absence; (4) establish the materiality of the witness's testimony to the defense; and (6) show a reasonable probability that the defendant can and will procure the witness's attendance after the requested continuance. *Waggoner*, 124 Idaho at 722-23, 864 P.2d at 168-69. Thus, Kropp has failed to show that the district court erred in denying his motion to continue to the extent it was premised on the absence of a defense witness.