**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47976**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 21, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SCOTT McDANIEL WHITE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction and unified life sentence, with a minimum period of confinement of twenty-five years, for second degree murder, <u>affirmed</u>.

Phelps & Associates, Spokane, Washington, for appellant. Douglas D. Phelps argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

_____

LORELLO, Chief Judge

Scott McDaniel White appeals from his judgment of conviction and unified life sentence, with a minimum period of confinement of twenty-five years, for second degree murder. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

White and the victim had two physical altercations--one inside a bar and one shortly after in a parking lot. During the second altercation, White's girlfriend intervened and the two men stepped away from each other. White then grabbed a handgun and shot the victim twice. The victim fell to the ground and White shot him three more times. After the victim's death, a grand jury indicted White for first degree murder.

1

Pursuant to a plea agreement, White pled guilty to an amended charge of second degree murder. I.C. §§ 18-4001, 18-4003(g). At the sentencing hearing, White objected to portions of the Global Appraisal of Individual Needs assessment (GAIN) attached to his presentence investigation report (PSI). The district court filed an order noting White's comments.

During its presentation of evidence, the State sought to admit video footage taken from the bar's surveillance cameras as well as several versions of the original video footage that had been enhanced in various ways by an officer. The district court admitted the enhanced video footage over White's objection. At the conclusion of the sentencing hearing, the district court imposed a unified life sentence, with a minimum period of confinement of twenty-five years, for second degree murder. White appeals.

## II.

## STANDARD OF REVIEW

Sentencing decisions, including the admission of evidence at a sentencing hearing, are reviewed for an abuse of discretion. *State v. Burdett*, 134 Idaho 271, 275-76, 1 P.3d 299, 303-04 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

White argues the district court violated his right to due process right under Article I, Section 13 of the Idaho Constitution by not "ruling on" his objections to the GAIN and instead only "noting the errors" he asserted existed in the assessment. White also contends that the district court violated his confrontation and due process rights in admitting the enhanced video footage. Regarding his sentence, White claims that the district court decided his sentence before the sentencing hearing (violating several of his rights) and imposed an unreasonable sentence. The State responds that White failed to obtain an adverse ruling on his objections to the GAIN and that, in the alternative, the corrections to the GAIN that White continues to assert on appeal do not

actually show any inaccuracies in the GAIN. As for the enhanced video footage, the State contends that White failed to preserve his arguments for appeal, failed to obtain an adverse ruling, does not present argument or authority in support of his claims, and one of his arguments rests on a faulty factual premise. The State further argues that White's argument regarding the prehearing determination of his sentence fails because he mischaracterizes a comment made by the district court. Finally, the State asserts that White has failed to show that his sentence is excessive. We hold that all of White's challenges are unpreserved or fail on the merits.

## A. Objections to the GAIN

White argues that the district court violated his due process rights "by merely noting the errors in the GAIN" and by "not ruling on [his] objections to the" GAIN. The State responds that White's challenges to the GAIN are not preserved because he neither requested a ruling nor objected to the manner in which the district court addressed his complaints about the GAIN. Alternatively, the State contends that the information in the GAIN that White challenges on appeal is not inaccurate.[1]

When asked for "changes, corrections, or additions" to the PSI, White directed the district court to the GAIN performed on January 2, 2020, and asserted that the GAIN was inaccurate in some respects.[2] Pertinent to this appeal, White represented that, contrary to information in the GAIN, he had not consumed alcohol in the previous twelve months because he had been incarcerated during that time. White also asserted that he had not reported cocaine use in the previous twelve months. Following White's objections, the district court asked for corrections from the State. When the State responded that it did not have corrections, the district court remarked, "Thank you. I've made these, and we will get them filed." Consistent with this statement, the record reveals that, on the day of the sentencing hearing, the district court filed a document entitled "Sealed Order Correcting Information in Presentence Report." This order

---

[1]     Notwithstanding White's claims to the contrary in his reply brief, the State did not concede the accuracy of his objections to the GAIN.

[2]     White's comments regarding the contents of the GAIN were not corrections to the PSI, they were comments regarding an attachment to the PSI. The PSI included one paragraph from the GAIN, which related to the level of care recommended for White and the reason for that recommendation. White did not object to this or any other portion of the actual PSI.

3

includes the following handwritten notes reflecting White's complaints about the GAIN: (1) "GAIN p. 2 2nd ¶ 'Alcohol'--last consumption date of incident 2-23-19[,] last ¶--no alcohol use in last 4-12 months because incarcerated"; (2) "p.3 ¶ under 'cocaine'--ref[erence] to 4-12 months--did not report that"; (3) "no [alcohol] use in 4-12 months. True last use was 2-23-19."[3]

White's claim that the district court violated his due process rights by noting his complaints about the GAIN on a sealed order filed with the court rather than "ruling" on his objections is unpreserved and lacks merit. Although White identified certain concerns regarding information included in the GAIN, he did not object to the court addressing those concerns through entry of an order. Further, to the extent White wanted the district court to make some sort of ruling in response to his concerns, it was his obligation to obtain such a ruling. *See State v. Huntsman*, 146 Idaho 580, 586, 199 P.3d 155, 161 (Ct. App. 2008). White was not prevented from requesting a ruling from the district court. Any assertion to the contrary is without merit.

Further, White's claim that the GAIN is incorrect is not supported by the record. The underlying premise for White's assertion that the information regarding his alcohol and substance abuse is incorrect was his incarceration since February 24, 2019. According to the GAIN, White used alcohol within the previous four to twelve months and reported "some substance problems" during the same period. As noted, the screening date for the GAIN was January 2, 2020, which was approximately eleven months after White's last reported consumption of alcohol on the night of the murder. Thus, at the time of the GAIN, it was true that White had consumed alcohol within four to twelve months. Because we affirm on the bases that White failed to obtain an adverse ruling and the information was accurate, we need not decide in this case whether a trial court can redline a GAIN under the legal standards applicable to redlining erroneous information in a PSI.

## B. Enhanced Video Footage

White asserts that the district court, in admitting the enhanced video footage at sentencing, violated his due process right under the Idaho Constitution and his confrontation right under the Sixth Amendment to the United States Constitution. Specifically, White contends that the officer providing foundation for the video footage "testified without being sworn under oath" and that the

---

[3]     The unobjected-to substance abuse section in the actual PSI notes that White last used alcohol on "02/23/2019," and last used cocaine "est. 07/01/2004."

district court "did not allow [White] an opportunity to question" the officer. The State responds that White failed to preserve or obtain an adverse ruling on these issues. The State further argues that, on appeal, White forfeited consideration of the issues because he failed to support them with argument or authority. Finally, the State argues that, as a factual matter, "the district court did not disallow White's counsel to cross-examine" the officer.[4]

We begin with the State's arguments that White failed to preserve these issues or obtain an adverse ruling on them. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *see also State v. Puente-Gomez*, 121 Idaho 702, 705, 827 P.2d 715, 718 (Ct. App. 1992) (holding that defendant failed to preserve consideration of whether it was error for trial court to not require that an interpreter take an oath because defendant failed to object). For an issue to be considered, the record must reveal an adverse ruling that forms the basis for the assignment of error. *Huntsman*, 146 Idaho at 585, 199 P.3d at 160; *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). At the sentencing hearing, an officer explained, without being under oath, how he created several versions of the video footage by either clarifying, magnifying, slowing down the frame rate, or reducing the haze of the original video footage. White objected to the enhanced versions, contending that the officer made "modifications that . . . actually change[d] the representations about what occurred on that night."[5] However, White did not object to the unsworn

---

[4]     The State construes White's arguments to include a third subissue--that admission of the enhanced video footage was error based on the arguments he made before the district court. Although White's briefing is somewhat unclear, we do not interpret his arguments as including this as a subissue. However, to the extent White intended to assert error in the admission of the enhanced video footage on grounds other than those discussed in this opinion, the State is correct that White fails on appeal to cite relevant legal authority or present cogent argument, eliminating consideration of whether there were other reasons the district court could have erred in admitting the enhanced video footage. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (noting that a party waives an issue on appeal if either authority or argument is lacking).

[5]     The district court overruled White's objections by noting that it "is fully capable of watching movies where everything is in slow motion, and recognizing that [it has] never seen anything in slow motion in real life, and [it] can distinguish between those, and sometimes enhancements can certainly help in viewing a grainy video." On appeal, White does not challenge this reasoning by the district court.

nature of the officer's explanation. Then, after the conclusion of the officer's statements, the following exchange occurred:

[State]: No further questions.
[Court]: Thank you.
[State]: And no further evidence.
[Court]: Evidence, [for the defense]?
[White's attorney]: You reviewed the video that we submitted.
[Court]: I did.
[White's attorney]: Okay. I don't have any other evidence. You also reviewed, I would imagine, [a psychological evaluation submitted by White]?
[Court]: I did.
[White's attorney]: And the letters in the Presentence Investigation Report?
[Court]: I did.
[White's attorney]: We have no other evidence, Judge.

At no point did White seek to cross-examine the officer, nor did the district court prevent White from doing so. Consequently, White failed to preserve his arguments on appeal regarding the unsworn nature of the officer's explanation or White's lack of cross-examination. In addition, White failed to obtain an adverse ruling on these issues. Moreover, White has not presented any argument under the fundamental error standard, forfeiting consideration of that issue on appeal. *See State v. Kropp*, 168 Idaho 948, 954, 489 P.3d 859, 865 (Ct. App. 2021). Thus, we do not consider the parties' remaining arguments on these issues.

## C. District Court's Sentencing Comment

White represents that the district court "advised during the sentencing [hearing] that [it] had made a determination prior to coming into court" regarding his sentence. White argues that this violated his "right to allocution" under I.C.R. 33(a)(1), his right to counsel under the Sixth Amendment to the United States Constitution, and his right to due process under both the Idaho Constitution and the United States Constitution. White bases his argument on the district court's comment that it had a "pretty strong idea of what [the] sentence was going to be" prior to the sentencing hearing. We agree with the State that White's interpretation "is not a fair reading of the [district] court's comment." After making the "pretty strong idea" comment, the district court continued by noting that what it heard from White, "the attorneys, [and] from the other people who spoke today is very important to the [district court]" but, nonetheless, what it heard had not "changed [its] view of what [it] came into court with." This shows the district court considered

White's statements and his counsel's arguments but that these failed to alter the district court's prehearing impression of what the appropriate sentence should be. The district court did not, as White asserts, make an "immutable decision" prior to the sentencing hearing. Because White's arguments rely on a mischaracterization of the district court's comment, we need not consider the legal authority he advances on appeal regarding this issue.

**D.     Sentence Review**

White contends that his sentence is unreasonable. Specifically, White argues that the district court failed to consider "the potential rehabilitation given the alcohol issues," "the lack of any prior felony history," and "that his misdemeanor history was often alcohol related." White also asserts that his offense is similar to voluntary manslaughter, which carries a maximum fifteen-year period of imprisonment, I.C. § 18-4007(1), and that the district court "failed to consider the proportionality" of White's sentence in light of "similar offenses."[6] The State contends that White has failed to show that his sentence is excessive.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v.*

---

[6]     In his reply brief, White also asserts that his sentence violates the Idaho Constitution's prohibition against cruel and unusual punishments. Generally, this Court will not consider arguments raised for the first time in a reply brief. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Thus, we do not address the constitutional argument White raises for the first time in his reply brief.

*Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion.

## III.

## CONCLUSION

The district court entered an order noting White's concerns regarding the content of the GAIN. White's complaints regarding the manner in which the district court addressed his concerns are unpreserved and lack merit. White also failed to preserve or obtain an adverse ruling on his challenges to the enhanced video footage and, thus, we do not reach his constitutional challenges regarding that issue. Because White's arguments regarding the district court's sentencing comment rely on a mischaracterization of that comment, we need not consider his legal arguments pertaining to that issue. Finally, White has failed to show that his sentence is unreasonable. Consequently, White's judgment of conviction and sentence for second degree murder is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.