**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49652**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 21, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SETSU LILLARD BARRETT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for trafficking in heroin and being a persistent violator of the law, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Setsu Lillard Barrett appeals from his judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for trafficking in heroin, enhanced for being a persistent violator. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2020, Barrett was arrested on an outstanding warrant. During a search of Barrett's clothing incident to his arrest, officers removed a baggie containing heroin. Barrett was charged with trafficking in heroin, I.C. § 37-2732B(a)(6)(A), and the State filed a persistent violator enhancement, I.C. § 19-2514. Barrett pled not guilty and the case proceeded to trial. To

1

prove that Barrett had previously been convicted of two felonies for purposes of the persistent violator enhancement, the State introduced two certified judgments of conviction (Exhibits 4 and 5). The State also presented testimony from an officer who investigated whether Barrett and the individual named in both judgments of conviction were the same person. Ultimately, the jury found Barrett guilty of trafficking in heroin and found that he is a persistent violator.

Barrett declined to participate in the court-ordered presentence investigation and mental health evaluations. Although in custody, Barrett also refused to attend his sentencing hearing. After being advised by Barrett's counsel of the reasons for Barrett's refusal to attend sentencing and the jail staff's concerns regarding transporting Barrett against his will, the district court proceeded with the sentencing hearing in Barrett's absence. The district court sentenced Barrett to a unified term of fifteen years, with a minimum period of confinement of five years, and ordered the sentence to run consecutively to other unrelated sentences. Barrett appeals.

## II.

## ANALYSIS

Barrett argues the evidence at trial was insufficient to sustain the jury's finding that he is a persistent violator. Barrett further contends that the district court's decision to impose sentence in his absence constitutes reversible error. The State responds that the evidence was sufficient to support the jury's verdict on the persistent violator enhancement and that Barrett failed to preserve his sentencing argument for appeal. The State further responds that, even if Barrett's sentencing argument is preserved, Barrett has failed to show the district court abused its discretion in proceeding with the sentencing hearing in light of Barrett's voluntary absence. We hold that the evidence was sufficient to support the jury's persistent violator verdict and that the district court did not err in sentencing Barrett *in absentia*.

### A.     Persistent Violator Enhancement

Appellate review of the sufficiency of the evidence is limited in scope. A finding that a defendant is a persistent violator will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the enhancement beyond a reasonable doubt. *State v. McClain*, 154 Idaho 742, 748, 302 P.3d 367, 373 (Ct. App. 2012). Evidence is substantial if a reasonable jury could have relied on it in determining the allegation was proven beyond a

2

reasonable doubt. *State v. Parton*, 154 Idaho 558, 569, 300 P.3d 1046, 1057 (2013). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code Section 19-2514 establishes enhanced penalties for individuals convicted of a felony for the third time. To sustain a persistent violator conviction under I.C. § 19-2514, the State must allege the prior convictions relied upon in a charging document and prove their existence beyond a reasonable doubt. *State v. Harris*, 160 Idaho 729, 730, 378 P.3d 519, 520 (Ct. App. 2016); *State v. Meridian*, 143 Idaho 329, 332, 144 P.3d 34, 37 (Ct. App. 2006). The State must also prove the defendant is the same individual identified in the prior judgments of conviction and that the crimes were felonies. *Harris*, 160 Idaho at 730, 378 P.3d at 520. In the absence of contradictory evidence, the State's submission of a judgment of conviction bearing the defendant's full name and date of birth is sufficient evidence for a jury to rely upon to find that the defendant is the convicted person. *State v. Wilson*, 172 Idaho 495, 501, 534 P.3d 547, 553 (2023); *Parton*, 154 Idaho at 569, 300 P.3d at 1057. However, a certified copy of a judgment of conviction bearing the same name as the defendant, with nothing more, is not sufficient to establish the identity of the person formerly convicted beyond a reasonable doubt. *Meridian*, 143 Idaho at 332, 144 P.3d at 37. Where a defendant is not sufficiently identified as the same individual who was previously convicted, the judgment of conviction finding him to be a persistent violator must be vacated. *Id*.

The State alleged that Barrett had two prior felony convictions for possession of a controlled substance. At trial, the State introduced two certified judgments of conviction as evidence--Exhibit 4, showing "SETSU LILLARD BARRETT" pled guilty to possession of methamphetamine on August 6, 2018, and Exhibit 5, showing "SETSU LILLARD BARRETT" pled guilty to possession of heroin on November 20, 2017. These exhibits were introduced through the testimony of an officer. The officer testified that he investigated whether the individual named in both exhibits matched Barrett's identity. Specifically, the officer ran an inquiry of Barrett's driver's license information, which provided Barrett's date of birth, social security number,

3

address on the license, and other traffic violation information. The officer also searched Barrett's name in iCourts, which provided him Barrett's birth year and case numbers corresponding to Barrett's prior cases. The officer then matched the birth year and name from his iCourts search to the birth year and name obtained from Barrett's driver's license record. Thereafter, the officer conducted a criminal history check through the Federal Bureau of Investigation (FBI), revealing a 2018 offense that correlated with the offense described in Exhibit 4. The FBI's criminal history search also provided Barrett's date of birth, which the officer matched with Barrett's birth year from both his iCourts search and driver's license search. Based on this evidence, the jury determined that Barrett had been convicted of two felonies and found him guilty of being a persistent violator.

On appeal, Barrett contends the evidence was insufficient to support the jury's finding that he is a persistent violator because, while both certified judgments of conviction bore the same name as his, the State failed to present the requisite "personal identifying information." Specifically, Barrett argues that evidence of matching birth year, without evidence of the day or month, is insufficient to establish his identity beyond a reasonable doubt. We disagree. While evidence of the same name and date of birth has been deemed legally sufficient for purposes of determining that a defendant is the subject of a prior conviction, such evidence is not the exclusive means of proof beyond a reasonable doubt. Rather, the question is whether there is substantial evidence a reasonable jury could have relied on in determining the allegation was proven beyond a reasonable doubt. *Parton*, 154 Idaho at 569, 300 P.3d at 1057. Such evidence existed in this case.

The judgments of conviction admitted as State's Exhibits 4 and 5 pertained to an individual who shared the same first, middle, and last names, as well as the same birth year as Barrett. Moreover, both judgments originated from Bannock County--the same county as the present offense. In addition, an officer testified that, based on his investigation, Barrett and the individual named in both judgments of conviction were the same person. This uncontradicted evidence was sufficient for the jury to conclude that Barrett had been convicted of two prior felonies. Barrett has therefore failed to show that the evidence was insufficient to support the jury's verdict finding him guilty of the persistent violator enhancement.

B.      **Sentencing** *in Absentia*

4

Barrett contends the district court violated his constitutional rights when it imposed sentence in his absence. Barrett specifically argues that the three-step standard articulated in *State v. Kropp*, 168 Idaho 948, 489 P.3d 859 (Ct. App. 2021), applies to his absence at the sentencing hearing. Pursuant to *Kropp*, when a defendant becomes absent after trial has begun, the trial court must: (1) make a sufficient inquiry into the circumstances of the defendant's disappearance to justify a finding whether the absence was voluntary; (2) make a preliminary finding of voluntariness, when justified; and (3) afford the defendant an adequate opportunity to explain the absence when the defendant is returned to custody and before sentence is imposed. *Id.* at 950-51, 489 P.3d at 861-62. Barrett contends the district court did not comply with *Kropp* because the district court failed to make a finding of voluntariness and failed to afford Barrett the opportunity to explain his absence. The State responds that Barrett has failed to preserve this argument for appeal. In the alternative, the State asserts that the standard articulated in *Kropp* is inapplicable to the facts of this case and, even if applicable, the district court did not abuse its discretion because the record shows Barrett's absence was voluntary. We address each argument in turn.

We first address the State's preservation argument. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). The State contends that Barrett's sentencing argument is unpreserved because neither Barrett nor his trial counsel claimed that Barrett's absence from the sentencing hearing was anything other than voluntary. We agree.

At the sentencing hearing, a sheriff's deputy advised the district court that the jail transport team indicated Barrett was refusing transport for the sentencing hearing. When Barrett was offered to appear at the hearing remotely via Zoom, he refused that as well. In short, the deputy advised that Barrett "refused in any form to be in th[e] Court for his sentencing." The district court then described its concerns, particularly with respect to Barrett's behavior:

> I think that if we force Mr. Barrett to come over here, we would put the health and safety of the jail staff and the court marshals, the attorneys, and court personnel at risk because--and Mr. Barrett--because he could hurt himself or hurt someone else, because he doesn't want to be here. And he's been very--I don't know if I would call it "confrontational," but he has not really been very cooperative in this process, even through trial. And so those are my concerns with forcing him to be here, because I think he would be disruptive, but that's something we would deal with, but I just don't want to have him hurt, or anyone else hurt, because of his behavior.

5

After articulating its concerns with forcing Barrett to be transported, the district court offered some alternatives, including a recess, a continuance, or proceeding in Barrett's absence.[1] In response, defense counsel explained that Barrett recently sent counsel a letter stating Barrett "no way, won't accept the judgment, won't accept the jurisdiction of the Court." Barrett expressed the same sentiment to counsel in a second letter and orally. Barrett's counsel also expressly stated it would be "unsafe" for Barrett to be transported because "he's only comfortable in that jail cell" and he said "he wouldn't participate again." Barrett's counsel also expressly stated: "I'm not objecting to him not being here, Judge. I don't see any other choices." The record, therefore, shows that there was no request for a finding of voluntariness but, to the contrary, counsel represented that Barrett was voluntarily absent from the sentencing hearing. That representation was corroborated by the sheriff's deputy. Barrett's complaint about the absence of such a finding is not preserved. If anything, Barrett invited the error. As such, he cannot complain about the district court's failure on appeal. The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *See State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). Barrett's challenge to the sentencing proceeding is not preserved.

Even if Barrett's challenge to the sentencing hearing is preserved for appeal, and even if the three-part standard from *Kropp* applies, Barrett has failed to show error in the district court's decision to proceed with sentencing. As noted, there was an inquiry into the reasons for Barrett's absence and there was nothing from which to conclude that Barrett's absence was anything but voluntary. Barrett had the opportunity to explain, through counsel (and the sheriff's deputy), his reasons for not appearing. Barrett had the ability to forego his right to be present at sentencing (I.C. § 19-2503) and did so in this case. The district court did not err in proceeding to sentence Barrett *in absentia* in light of his voluntary decision not to appear. *See* I.C.R. 43(c)(2) (providing

---

[1]     There was also a discussion of having everyone go to the jail and sentence Barrett there; however, there was no indication such an option could or would be accommodated by the jail or that Barrett would participate in that scenario either.

that, when a defendant waives the right to be present, a sentencing proceeding may continue to completion in the defendant's absence). Barrett has failed to show otherwise.

## III.

## CONCLUSION

There was sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Barrett is a persistent violator based on two prior judgments of conviction. Barrett failed to preserve his sentencing argument for appeal but, even if preserved, Barrett has failed to show the district court erred in sentencing him *in absentia* after he voluntarily chose to be absent from the sentencing hearing. Accordingly, Barrett's judgment of conviction and sentence for trafficking in heroin and being a persistent violator are affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.